Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

DDJ

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 0 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

for the

Central District of California

Eastern Division

Case No. **EDCV25-02375-VBF-RAO**  N.P.

(to be filled in by the Clerk's Office)

James Seme

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Judge John D. Molloy

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☑ Yes ☐ No

**FEE PAID**

I/S

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (Non-Prisoner Complaint)



### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name              James Seme
Address           39770 Roripaugh Rd.
                  Temecula          CA          92591
                        *City*            *State*        *Zip Code*
County            Riverside
Telephone Number  760-212-9131
E-Mail Address    samej22@yahoo.com

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                        John D. Molloy
Job or Title *(if known)*    Judge
Address                     30755-D Auld Rd. Unit 1226
                            Murrieta          CA          92563
                                *City*          *State*      *Zip Code*
County                      Riverside
Telephone Number            951-777-3147
E-Mail Address *(if known)*

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2

Name
Job or Title *(if known)*
Address
                                *City*          *State*      *Zip Code*
County
Telephone Number
E-Mail Address *(if known)*

[ ] Individual capacity   [ ] Official capacity

Defendant No. 3
    Name                 _____

    Job or Title *(if known)*   _____

    Address               _____

                               *City*          *State*         *Zip Code*

    County                _____

    Telephone Number      _____

    E-Mail Address *(if known)*  _____

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name                 _____

    Job or Title *(if known)*   _____

    Address               _____

                                 *City*          *State*         *Zip Code*

    County                _____

    Telephone Number      _____

    E-Mail Address *(if known)*  _____

    ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    See attached.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

_See attached._

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color
of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of
federal law.  Attach additional pages if needed.

_See attached._

## III.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite
any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

_30755-D Auld Rd. Unit 1226 Murrieta, CA  92563
Southwest Justice Center  Courtroom 201_

B.  What date and approximate time did the events giving rise to your claim(s) occur?

_9am, 9/9/25_

C.  What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?
Was anyone else involved?  Who else saw what happened?)*

_See attached._

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**IV.    Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached.

**V.    Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See attached.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            09/10/25

Signature of Plaintiff

Printed Name of Plaintiff        James Serne

### B.    For Attorneys

Date of signing:            _____

Signature of Attorney        _____

Printed Name of Attorney     _____

Bar Number               _____

Name of Law Firm          _____

Address                  _____

_____

|  | *City* | *State* | *Zip Code* |

Telephone Number          _____

E-mail Address            _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

JAMES SEME,
Plaintiff,

v.                                          Civil Action No. _____

JUDGE JOHN D. MOLLOY,
in his official and individual capacities,
Defendant.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

I. Jurisdiction and Venue
   1.   This action arises under the Constitution and laws of the United States, including
42 U.S.C. § 1983.
   2.   Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this case
involves deprivation of constitutional rights under color of state law.
   3.   Venue is proper under 28 U.S.C. § 1391(b), because the events giving rise to this
action occurred in Riverside County, California, within this judicial district.

II. Parties
   4.   Plaintiff James Seme is a resident of Riverside County, California.
   5.   Defendant Judge John D. Molloy is a judicial officer who, on September 9, 2025,
acted outside the scope of his judicial authority and in joint participation with state
prosecutors. He is sued in both his official capacity and individual capacity.

III. Factual Allegations
   6.   On September 9, 2025, at 9:00 a.m., in Courtroom 201 at the Riverside County
Courthouse, a hearing was held on Plaintiff's motion to dismiss in his state criminal
matter. The hearing is preserved on the official court record.
   7.   At this hearing, Judge Molloy denied Plaintiff's motion to dismiss while

simultaneously permitting state prosecutors to refuse service of Plaintiff's pending
federal lawsuit in open court, effectively blocking enforcement of federal rights.

8.    Judge Molloy then stated on the record that Plaintiff's federal lawsuit "has no
holding in this courtroom," dismissing its validity and prejudging federal claims during a
state proceeding.

9.    Judge Molloy further stated on the record that "none of the County Prosecutors'
actions constitute grounds for dismissal," despite being presented with proof that
prosecutors had committed multiple constitutional violations.

10.    Plaintiff showed that the County Prosecutors had sent video of Plaintiff's
self-defense shooting to Plaintiff's employer, resulting in Plaintiff being fired from a job
paying $100,000 per year. This termination deprived Plaintiff of income and left him at
zero earnings, directly hindering his ability to retain counsel of his choice.

11.    Plaintiff also presented proof that the County Prosecutors submitted false
documentation, falsely claiming they had not disclosed the video evidence on a certain
date when in fact they had. Judge Molloy ignored this proof, excused the misconduct, and
allowed the prosecutors' false records to stand.

12.    By excusing retaliation, excusing fraud on the court, and defending prosecutors
despite proof of misconduct, Judge Molloy acted not as a neutral arbiter but as a
prosecutor in robes, protecting state officials from accountability.

13.    Judge Molloy also independently argued for the State by asserting that Plaintiff
was "helping the state by admitting I shot a person," even though the incident was a clear
act of self-defense captured on video.

14.    The federal lawsuit served in open court concerned the illegal seizure of
Plaintiff's safe and personal assets — property wholly unrelated to the criminal charges.
By conflating that civil matter with the criminal case, Judge Molloy enabled the State to
continue withholding Plaintiff's safe and assets for over two years, in violation of the
Fourth and Fourteenth Amendments.

15.    By denying Plaintiff's motion to dismiss, excusing prosecutorial retaliation,
ignoring false documentation, obstructing service of a federal lawsuit, prejudging claims,
and advocating for the prosecution, Judge Molloy acted outside the scope of judicial
authority and in joint participation with state officials, causing ongoing harm to Plaintiff.

IV. Supporting Evidence

16.    Plaintiff attaches Judge Molloy's court order from the September 9, 2025
hearing, which confirms the date, courtroom, and assigned court reporter.

17.    Plaintiff is also requesting certified transcripts or minutes from that hearing so
that the full misconduct, which occurred on the record, can be submitted into evidence.

18.    The transcripts will confirm that Judge Molloy permitted denial of service,
excused prosecutors' misconduct, dismissed the federal lawsuit as having "no holding,"
and ignored proof of false documentation and retaliatory disclosures.

V. Judicial Misconduct

19.     Judge Molloy's conduct violated the California Code of Judicial Ethics, including:

- Canon 1 – A judge shall uphold the integrity and independence of the judiciary.
- Canon 2(A) – A judge shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
- Canon 3(B)(5) – A judge shall perform judicial duties without bias or prejudice.
- Canon 3(B)(7) – A judge shall not act as an advocate for either party.

20.     By performing the role of the prosecutor, excusing false documentation, and prejudging Plaintiff's federal lawsuit, Judge Molloy abandoned neutrality and violated these ethical duties.

21.     These violations demonstrate that Judge Molloy's actions were not judicial in nature, but instead prosecutorial and conspiratorial acts under color of law, rendering him liable under 42 U.S.C. § 1983.

VI. Claims for Relief

Count I – Denial of Access to Courts (First Amendment)
22. By denying recognition of service and dismissing Plaintiff's federal lawsuit in open court, Defendant obstructed Plaintiff's constitutional right to access the courts.

Count II – Deprivation of Property Without Due Process (Fourth & Fourteenth Amendments)
23. Defendant enabled the State's continued seizure of Plaintiff's safe and assets, unrelated to the incident, for over two years.

Count III – Retaliatory and Selective Prosecution (Fourteenth Amendment)
24. Defendant furthered retaliation by prosecutors who released video evidence of a self-defense incident to Plaintiff's employer, damaging Plaintiff's livelihood.

Count IV – Joint Participation / Acting Outside Judicial Scope
25. Defendant's conduct was not judicial in nature but prosecutorial, amounting to joint participation with state actors. Dennis v. Sparks, 449 U.S. 24 (1980).

Count V – Violation of Sixth Amendment (Right to Counsel of Choice)
26. By excusing prosecutors who retaliated against Plaintiff by causing his termination from a $100,000/year job, Defendant participated in depriving Plaintiff of the income

necessary to retain counsel of his choice, in violation of United States v. Gonzalez-Lopez, 548 U.S. 140 (2006).

Count VI – Due Process Violation for Ignoring Fraud on the Court
27. Defendant was shown proof that prosecutors submitted false documentation about disclosure dates. By ignoring that fraud and excusing it, Defendant deprived Plaintiff of due process, in violation of Mooney v. Holohan, 294 U.S. 103 (1935).

VII. Damages
   28.   Plaintiff seeks relief including, but not limited to:

   • Compensatory damages for loss of employment, loss of income, and deprivation of counsel of choice.
   • Compensatory damages for loss of property use, emotional distress, reputational harm, and denial of fair trial rights.
   • Punitive damages in the amount of $30,000,000 to punish and deter deliberate misconduct.
   • Declaratory relief declaring that Defendant's actions exceeded judicial authority and violated Plaintiff's constitutional rights.

VIII. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:
   1.   Enter judgment in favor of Plaintiff and against Defendant;
   2.   Award compensatory, emotional distress, and punitive damages as outlined above;
   3.   Declare that Judge Molloy's actions exceeded judicial authority and violated Plaintiff's constitutional rights; and
   4.   Grant such other and further relief as the Court deems just and proper.

IX. Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ James Seme

# CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of September, 2025, I hand-delivered a true and correct copy of the foregoing Complaint for Violation of Civil Rights to the following:

Federal Clerk's Office – Riverside Division
United States District Court
3470 Twelfth Street
Riverside, CA 92501

Respectfully submitted,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

JAMES SEME,
Plaintiff,

v.                                    Civil Action No. _____

JUDGE JOHN D. MOLLOY,
in his official and individual capacities,
Defendant.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

I. Jurisdiction and Venue

1.  This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2.  Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this case involves deprivation of constitutional rights under color of state law.

3.  Venue is proper under 28 U.S.C. § 1391(b), because the events giving rise to this action occurred in Riverside County, California, within this judicial district.

II. Parties

4.  Plaintiff James Seme is a resident of Riverside County, California.

5.  Defendant Judge John D. Molloy is a judicial officer who, on September 9, 2025, acted outside the scope of his judicial authority and in joint participation with state prosecutors. He is sued in both his official capacity and individual capacity.

III. Factual Allegations

6.  On September 9, 2025, at 9:00 a.m., in Courtroom 201 at the Riverside County Courthouse, a hearing was held on Plaintiff's motion to dismiss in his state criminal matter. The hearing is preserved on the official court record.

7.  At this hearing, Judge Molloy denied Plaintiff's motion to dismiss while

simultaneously permitting state prosecutors to refuse service of Plaintiff's pending
federal lawsuit in open court, effectively blocking enforcement of federal rights.

   8.   Judge Molloy then stated on the record that Plaintiff's federal lawsuit "has no
holding in this courtroom," dismissing its validity and prejudging federal claims during a
state proceeding.

   9.   Judge Molloy further stated on the record that "none of the County Prosecutors'
actions constitute grounds for dismissal," despite being presented with proof that
prosecutors had committed multiple constitutional violations.

   10.   Plaintiff showed that the County Prosecutors had sent video of Plaintiff's
self-defense shooting to Plaintiff's employer, resulting in Plaintiff being fired from a job
paying $100,000 per year. This termination deprived Plaintiff of income and left him at
zero earnings, directly hindering his ability to retain counsel of his choice.

   11.   Plaintiff also presented proof that the County Prosecutors submitted false
documentation, falsely claiming they had not disclosed the video evidence on a certain
date when in fact they had. Judge Molloy ignored this proof, excused the misconduct, and
allowed the prosecutors' false records to stand.

   12.   By excusing retaliation, excusing fraud on the court, and defending prosecutors
despite proof of misconduct, Judge Molloy acted not as a neutral arbiter but as a
prosecutor in robes, protecting state officials from accountability.

   13.   Judge Molloy also independently argued for the State by asserting that Plaintiff
was "helping the state by admitting I shot a person," even though the incident was a clear
act of self-defense captured on video.

   14.   The federal lawsuit served in open court concerned the illegal seizure of
Plaintiff's safe and personal assets — property wholly unrelated to the criminal charges.
By conflating that civil matter with the criminal case, Judge Molloy enabled the State to
continue withholding Plaintiff's safe and assets for over two years, in violation of the
Fourth and Fourteenth Amendments.

   15.   By denying Plaintiff's motion to dismiss, excusing prosecutorial retaliation,
ignoring false documentation, obstructing service of a federal lawsuit, prejudging claims,
and advocating for the prosecution, Judge Molloy acted outside the scope of judicial
authority and in joint participation with state officials, causing ongoing harm to Plaintiff.


IV. Supporting Evidence

   16.   Plaintiff attaches Judge Molloy's court order from the September 9, 2025
hearing, which confirms the date, courtroom, and assigned court reporter.

   17.   Plaintiff is also requesting certified transcripts or minutes from that hearing so
that the full misconduct, which occurred on the record, can be submitted into evidence.

   18.   The transcripts will confirm that Judge Molloy permitted denial of service,
excused prosecutors' misconduct, dismissed the federal lawsuit as having "no holding,"
and ignored proof of false documentation and retaliatory disclosures.

V. Judicial Misconduct

19.     Judge Molloy's conduct violated the California Code of Judicial Ethics,
including:

- Canon 1 – A judge shall uphold the integrity and independence of the judiciary.
- Canon 2(A) – A judge shall act at all times in a manner that promotes public
confidence in the integrity and impartiality of the judiciary.
- Canon 3(B)(5) – A judge shall perform judicial duties without bias or prejudice.
- Canon 3(B)(7) – A judge shall not act as an advocate for either party.

20.     By performing the role of the prosecutor, excusing false documentation, and
prejudging Plaintiff's federal lawsuit, Judge Molloy abandoned neutrality and violated
these ethical duties.

21.     These violations demonstrate that Judge Molloy's actions were not judicial in
nature, but instead prosecutorial and conspiratorial acts under color of law, rendering him
liable under 42 U.S.C. § 1983.

VI. Claims for Relief

Count I – Denial of Access to Courts (First Amendment)
22. By denying recognition of service and dismissing Plaintiff's federal lawsuit in open
court, Defendant obstructed Plaintiff's constitutional right to access the courts.

Count II – Deprivation of Property Without Due Process (Fourth & Fourteenth
Amendments)
23. Defendant enabled the State's continued seizure of Plaintiff's safe and assets,
unrelated to the incident, for over two years.

Count III – Retaliatory and Selective Prosecution (Fourteenth Amendment)
24. Defendant furthered retaliation by prosecutors who released video evidence of a
self-defense incident to Plaintiff's employer, damaging Plaintiff's livelihood.

Count IV – Joint Participation / Acting Outside Judicial Scope
25. Defendant's conduct was not judicial in nature but prosecutorial, amounting to joint
participation with state actors. Dennis v. Sparks, 449 U.S. 24 (1980).

Count V – Violation of Sixth Amendment (Right to Counsel of Choice)
26. By excusing prosecutors who retaliated against Plaintiff by causing his termination
from a $100,000/year job, Defendant participated in depriving Plaintiff of the income

necessary to retain counsel of his choice, in violation of United States v. Gonzalez-Lopez, 548 U.S. 140 (2006).

Count VI – Due Process Violation for Ignoring Fraud on the Court
27. Defendant was shown proof that prosecutors submitted false documentation about disclosure dates. By ignoring that fraud and excusing it, Defendant deprived Plaintiff of due process, in violation of Mooney v. Holohan, 294 U.S. 103 (1935).

VII. Damages
    28.    Plaintiff seeks relief including, but not limited to:

    •   Compensatory damages for loss of employment, loss of income, and deprivation of counsel of choice.
    •   Compensatory damages for loss of property use, emotional distress, reputational harm, and denial of fair trial rights.
    •   Punitive damages in the amount of $30,000,000 to punish and deter deliberate misconduct.
    •   Declaratory relief declaring that Defendant's actions exceeded judicial authority and violated Plaintiff's constitutional rights.

VIII. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:
    1.    Enter judgment in favor of Plaintiff and against Defendant;
    2.    Award compensatory, emotional distress, and punitive damages as outlined above;
    3.    Declare that Judge Molloy's actions exceeded judicial authority and violated Plaintiff's constitutional rights; and
    4.    Grant such other and further relief as the Court deems just and proper.

IX. Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Respectfully submitted,

/s/ James Seme

# CERTIFICATE OF SERVICE

I hereby certify that on this _10_ day of September, 2025, I hand-delivered a true and correct
copy of the foregoing Complaint for Violation of Civil Rights to the following:

Federal Clerk's Office – Riverside Division
United States District Court
3470 Twelfth Street
Riverside, CA 92501

Respectfully submitted,

_Jame Seme_          9/10/2025



United States Department of the Interior
U.S. Geological Survey
Regional Director for the Southwest Region
2800 Cottage Way, Suite W-1619
Sacramento CA 95825

### ADMINISTRATIVELY CONFIDENTIAL MEMORANDUM

March 31, 2025

To:         James Seme, Information Technology Specialist

From:       Eric G. Reichard, Regional Director for the Northeast Region    ERIC REICHARD   Digitally signed by ERIC REICHARD
Date: 2025.03.31 08:46:44 -0

Subject:    Notice of Decision on Advance Written Notice of Proposed Indefinite Suspension

In a written notice dated, October 17, 2024, issued by Matthew Dekar, Center Director, with the Western Ecological Research Center, proposed to indefinitely suspend you without pay from your official position as an Information Technology Specialist, GS-2210-9, duty-stationed in Sacramento, California, with the U.S. Geological Survey ("USGS"), Western Ecological Research Center, and the Federal service.

Mr. Dekar proposed your indefinite suspension for such cause, fully explained in his memorandum, as would promote the efficiency of the federal service.

In accordance with 5 U.S.C. Chapter 75, 5 C.F.R. Part 752, and the United States Department of the Interior Departmental Manual (DM) Part 370, Chapter 752, *Discipline and Adverse Actions*, this memorandum provides you with my written decision, which upholds and sustains the proposal indefinite suspension. I have based my decision to suspend you indefinitely on regulatory and statutory language found at, among other sections, 5 U.S.C. § 7513, which allows an Agency to take an adverse action against an employee without providing thirty days' advance written notice, when the Agency has reasonable cause to believe that the employee has committed a crime for which a sentence of imprisonment may be imposed. As explained and firmly supported below, my decision to suspend you indefinitely from your position, will promote the efficiency of the federal service, will become effective immediately, and will end when the pending criminal action against you has been resolved, and the Agency has proposed and effected, if warranted, a decision regarding any necessary subsequent disciplinary action. A Notification of Personnel Action (SF-50) will be forthcoming and available for viewing in your electronic Official Personnel Folder.

The advance written notice of proposed adverse action advised you of the following: (1) your right to review the materials relied upon to support the reasons for your removal, all of which were provided to you; (2) your right to answer the advance written notice orally, in writing, or both; and (3) your right to be represented by an attorney or representative of your choice. You were afforded the opportunity to be represented by an attorney and to reply to the proposal; to which, you submitted a three-page written response on October 24, 2024, with no attachments, to the proposal notice.

In making my decision, I have carefully reviewed the evidence presented in this matter, including the Notice of Proposed Removal. all written materials attached, and your written response to the same. You were provided copies of these documents and notified of your right to reply orally, in writing, or both. On October 24, 2025, you submitted a written response to the Advance Written Notice of Proposed Indefinite Suspension.

Page **1** of 7

My thorough review of the entire record (including the advance written notice of proposed removal, all written materials provided to you, and your written response) leads me to find that adverse action against you for such cause, discussed below, will promote the efficiency of the federal service. Because the proposed adverse action is reasonable and appropriate in the present circumstances, I sustain the subject indefinite suspension action. In support of my decision to indefinitely suspend you from your official position, I have reiterated the circumstances (as clarified by the entire record) that brought this situation to the Agency's attention, repeated the charges and specifications proposed by Mr. Dekar (with whom I have neither spoken nor communicated in writing about this matter), and provided my analysis of the evidence, the *Douglas* factors, and all supporting materials. As explained in detail below, my decision to suspend you permits you to appeal this adverse action decision to the U.S. Merit Systems Protection Board in accordance with 5 U.S.C. Chapter 75 and 5 C.F.R. Part 752.

## **BACKGROUND**

On February 17, 2024, the Riverside County Sheriff's Office arrested you for (1) attempted murder (Penal Code of California § 664/187(A)) with the sentence enhancement of discharge of a firearm causing great bodily injury (Penal Code of California § 12022.53(D)), and (2) Assault with a Gun (Penal Code of California § 245(A)(2)) with the sentence enhancement of inflicting great bodily injury (Penal Code of California § 12022.7(A)).

On April 19, 2024, A. Keith Miles, Center Director for the Western Ecological Research Center notified Lebeka West, Supervisory Human Resources Specialist for Employee Relations, regarding Mr. Seme's performance issues. Specifically, Mr. Miles explained how Mr. Seme has been distracted in the performance of his job duties due to a personal legal matter. Ms. West inquired about the legal matter and requested for the supporting documentation (e.g., employee statement, arrest records, court document, etc.).

On April 22, 2024, the District Attorney for the Superior Court of California, County of Riverside, filed a Felony Complaint listing you as the defendant in case number SWF2400710. In this Complaint, District Attorney Erica L. Schwartz declared under penalty of perjury as to Count 1, that you did willfully, unlawfully, and with malice aforethought attempted the willful, deliberate, and premeditated murder of a human being in velation of Penal Code section 664/187, subdivision (a), a felony. It is further alleged in this Complaint that, in the commission and attempted commission of the offense, you personally and intentionally discharged a firearm and proximately caused great bodily injury to another person. Further, pursuant to Penal Code section 12022.53 subdivision (g), probation may not be granted nor shall execution and imposition of a sentence be suspended.

As to Count 2, District Attorney Erica L. Schwartz alleged that you "willfully and unlawfully committed an assault" upon the victim with a firearm in violation of Penal Code section 245, subdivision (a)(2), a felony. It is further alleged that probation shall not be granted, except in an unusual case, because at the time of the perpetration of the offense and at the time of your arrest, you were armed with a deadly weapon. In addition, it is alleged that you personally inflicted great bodily injury upon the victim. According to California Penal Code 245 and 12022.7, Count 2 with the sentence enhancer carries a potential penalty of up to seven (7) years in state prison.

In review of the administrative file, I note that on April 24, 2024, the Agency received a letter written by your attorney, Eugene Carson of The Carson Law Firm, on your behalf, in which you do not deny shooting the victim, however, you allege you acted in self-defense. Although you, through your attorney, allege that the victim was "out of control," you do not deny that you shot the victim. I have also reviewed a video

of the shooting. In the video, the victim does not act as an aggressor. Rather, the video shows the victim walking near a fireplace. The video contains audio of the incident as well which contradicts your allegations that the victim was "screaming" and "threatening." Rather, the audio captures the victim speaking in a calm tone, with his hands by his side, moving away from the home. The video further depicts that the victim turns his back to you and retreats from you after you begin shooting at him. After the victim retreats, the video shows you follow him into your home, purportedly where children are located, and you continue to shoot, placing the victim, your family, and your children, at risk of injury or death. The video captures the sound of multiple women and children crying and screaming as a result of your actions, placing them in danger. Specifically, the video captures what sounds like a small baby crying.

You, through your attorney, admit that you armed yourself with a firearm and "struck the victim." However, the letter fails to mention that you shot at the victim approximately nine times, at least one of those shots occurring after the victim appears to have entered the home, where other family members, including children, were present. The video appears to show that you had the weapon concealed on your person prior to the shooting while the victim appears to be completely unarmed. I also note that, despite your attorney arguing that you acted in self-defense of others, the judge ordered bail in the amount of one million dollars ($1,000,000). This staggering bail amount was presumably set due to several factors considered by the judge, as requested by your attorney, including the danger you pose to others and the maximum sentence you are facing, which is life in prison.

Despite the case being set for preliminary hearing on several separate occasions, which would be an opportunity for the judge to dismiss the charges against you, you continue to request that the preliminary hearing be continued. You have chosen not to present evidence of your claim of self-defense to the judge, but rather you have requested to continue your case while it is reviewed for a diversion program.

In your written response, you acknowledged the charges filed against you by the District Attorney for the Superior Court of California, County of Riverside (Case Number SWF2400719). Specifically, you stated, "I recognize the seriousness of these allegations and their potential impact on my employment." You go on to explain how this incident occurred within in your private residence and was unrelated to your professional responsibilities or conduct at work. Additionally, you explained that the Agency has reviewed the video evidence related to the incident and offered to provide further context to the circumstances that led to your actions. You raised privacy concerns of the disclosure of sensitive, pending criminal case details, under Article 1, Section 1 of the California Constitution. As such, you requested the Agency to refrain from taking the indefinite suspension action as it may prejudge your case and impact your livelihood unjustly. You further explained how your actions were in self-defense and addressing this matter fully through the legal channels while cooperating with the law enforcement.

Furthermore, you explained your employment history and professional conduct as excellent and unwavering, which this incident was an anomaly and does not reflect your character or professional behavior. You requested that any decision on your employment status be deferred until the proceedings conclude. You requested to continue the administrative leave with pay as an alternative, which will allow you to focus on the legal matter without financial hardship and impact to the Agency's operations. You assured that if permitted to continue your role, you would maintain the highest level of professionalism and ensure this personal matter does not interfere with your duties or colleagues.

Lastly, you requested a consideration to the alternative to the indefinite suspension. Specifically, you stated, "Should a suspension be deemed necessary, I kindly ask for it to be with pay, allowing me to continue supporting my family during this challenging time." You shared your commitment to resolving this matter through the appropriate legal avenues.

## BASIS FOR DECISION REGARDING PROPOSED ADVERSE ACTION

The record before me, the entirety of which has been provided to you for your review, including your written response, firmly supports the proposed adverse action. Specifically, the Criminal Complaint filed against you, and the administrative record in this matter, gives me reasonable cause to believe that you have committed a crime for which a sentence of imprisonment may be imposed.

I concur with Mr. Dekar that a nexus between your alleged crimes to the efficiency of service exists. As Mr. Dekar pointed out, you have been charged with attempted murder and assault with a firearm, which is extremely serious and violent criminal conduct. The nature and gravity of your conduct is egregious. Given the egregious and violent nature of the crimes, I agree with Mr. Dekar that it would negatively impact the morale of your co-workers and negatively affect the reputation of the Agency if your co-workers or the public were to learn you were allowed to continue working. Additionally, given the nature of your crimes, I, like Mr. Dekar, have lost confidence in your ability to interact with your co-workers in a law-abiding and nonviolent manner.

Additionally, I have evaluated and determined that an indefinite suspension is reasonable, after considering all relevant *Douglas* factors. Furthermore, according to the nature of the offense listed in the criminal complaint, this behavior runs very contrary to the values and ideals of the Agency and falls woefully short of the conduct expected of a Federal employee. Your duties require you to interact with coworkers, the public, and internal and external stakeholders. Your alleged criminal activity compromises the ability of those individuals to rely on you to behave in a safe, law-abiding, and nonviolent manner. The offenses you are charged with reflect adversely on your trustworthiness and are contrary to the role you serve as a Federal employee. Moreover, any proposed action less than indefinite suspension, could lead USGS employees, and potentially the general public to the impermissible conclusion that I, on the USGS's behalf, condone the acts for which you have been charged.

I also concur with Mr. Dekar that in light of the nature and seriousness of the offense listed in the criminal complaint, the effect that your alleged misconduct has on the efficient and effective operation of the Federal service, the morale of employees, and the lack of a reasonable alternative sanction, indefinite suspension will promote the efficiently of the Federal service.

In your own omission you stated, "*I fully understand the gravity of the charges filed against me by the District Attorney for the Superior Court of California of Riverside (Case number SWF2400710). I recognize the seriousness of these allegations and their potential impact on my employment status.*"

Having considered these factors, I find that indefinite suspension is the most reasonable and most appropriate action to propose at this time and the efficiency of the Federal service.

### CONCLUSION

I have determined that your indefinite suspension will end when the pending criminal action against you has been resolved, and the [Agency] has proposed and effected, if warranted, a decision regarding any necessary subsequent disciplinary action. Be advised that the Agency may take reasonable and warranted administrative action without regard to whether the final disposition of the pending criminal charge results in dismissal or your acquittal, or whether you are ultimately found guilty of the alleged criminal misconduct. **You are required to submit to Supervisory HR Employee Relations Specialist via email at lebekawest@usgs.gov, a copy of official court records that evidence the resolution of the criminal**

**charges against you within 15 days of the resolution of your criminal case.**

I have carefully evaluated the seriousness of your alleged criminal misconduct and the effect that your alleged misbehavior has on the efficient and effective operation of the Federal service, the morale of employees, and all relevant *Douglas* factors, including the existence of reasonable alternative sanctions. Having considered these factors, I find that indefinite suspension is the action that is most reasonable and will best promote the efficiency of the service.

## EMPLOYEE RIGHTS AND PROCEDURES TO THIS WRITTEN NOTICE

**Merit Systems Protection Board (MSPB)**

You have the right to appeal this decision regarding an adverse action to the U.S. Merit Systems Protection Board (MSPB). To appeal this action, you must send your appeal to:

Merit Systems Protection Board
Western Regional Office
1301 Clay Street, Suite 1380N
Oakland, CA 94612-5217
(510) 273-7022 - telephone
(510) 273-7136 - fax
WesternRegionalOffice@mspb.gov

You must file your appeal within thirty (30) calendar days of the effective date of this action, or within thirty (30) calendar days after the date on which you receive this decision, whichever is later. Your appeal may be filed with the MSPB Office listed above by mail addressed to that office, by personal delivery to that office during normal business hours, by facsimile or by the MSPB's electronic filing procedure at https://e-appeal.mspb.gov/. A copy of the MSPB appeal form may be found at http://www.mspb.gov/appeals/forms.htm or you may submit an appeal via the internet at https://e-appeal.mspb.gov/.

Your appeal must be in writing and give reasons for contesting the action, together with a copy of the notice of proposed action, the agency decision being appealed and, if available, the SF-50 or similar notice of personnel action. No other attachments should be included with the appeal.

A copy of the MSPB's regulations concerning appeals is available at http://www.mspb.gov. If you would like a paper copy of the MSPB's regulations concerning appeals, or if you have any questions, please contact Ms. Lebeka West, Supervisory HR Employee Relations Specialist via email at lebekawest@usgs.gov.

If you decide to file an appeal with the MSPB, you should notify the Board that the Agency contact official for the purpose of your appeal is:

Counsel
Employment and Labor Law Unit
U.S. Department of the Interior
1849 C Street NW
Washington, DC 20240

Email: sol-inbox-del@sol.doi.gov

**Equal Employment Opportunity (EEO) Process**

If you believe that this action is based on unlawful discrimination in violation of Federal Equal Employment Opportunity (EEO) laws, you may contact an EEO counselor within 45 days of the effective date of this action to file a complaint of discrimination. However, in accordance with 29 C.F.R. §1614.302(b), you may not initially file both a mixed case EEO complaint and an MSPB appeal on the same matter. Whichever pleading is filed first shall be considered an election to proceed in that forum (either MSPB or EEO). Once you choose one option (either MSPB or EEO), you cannot proceed down the other.

**Office of Special Counsel**

You may seek corrective action before the Office of Special Counsel, www.osc.gov. However, if you do so, your appeal will be confined to whether the Agency took one or more covered personnel actions against you in retaliation for making protected whistleblowing disclosures. You will be limited in the right to otherwise challenge this adverse action.

## EMPLOYEE ASSISTANCE PROGRAM

The Employee Assistance Program (EAP) is available to help you if you believe that health or personal issues are adversely influencing your behavior/performance. All EAP sessions are confidential and will not be shared with others without your consent. You may seek assistance by contacting the Employee Assistance Program (EAP) at 1-800-869-0276.

The EAP is available 24 hours a day to offer assistance. Any contact with EAP is voluntary. No information is released without your express written consent.

## ADDITIONAL QUESTIONS

If you have further questions, please contact Ms. Lebeka West, Supervisory HR Employee Relations Specialist via email at lebekawest@usgs.gov.

## ATTACHMENTS

1. Advance Written Notice of Proposed Indefinite Suspension, dated October 17, 2024

## ACKNOWLEDGMENT OF RECEIPT

Please sign and date below as evidence that you have received this Notice of Decision on Advance Written Notice of Proposed Indefinite Suspension. Your signature does not mean that you agree or disagree with the contents of the adverse action. While you will not forfeit any of the employee rights described above by signing below, your failure to sign will not void the contents of this written notice.

I acknowledge receipt of this Notice of Decision on Advance Written Notice of Proposed Indefinite Suspension.

Employee Signature/Date: _____



**United States Department of the Interior**
U.S. GEOLOGICAL SURVEY
Western Ecological Research Center
3020 State University Drive East
Modoc Hall, Suite 4004

**ADMINISTRATIVELY CONFIDENTIAL MEMORANDUM**

October 17, 2024

To:             James Seme, Information Technology Specialist

From:           Matthew Dekar, Center Director

Subject:        Notice of Proposed Indefinite Suspension

This notice is to advise you of my proposal to indefinitely suspend without pay you from your position as an Information Technology Specialist, GS-2210-9, duty-stationed in Sacramento, California, with the U.S. Geological Survey ("USGS"), Western Ecological Research Center, and the Federal service. This indefinite suspension is proposed because the Agency has reasonable cause to believe you have committed a crime for which a sentence of imprisonment may be imposed in light of the charges filed against you in the Superior Court of California, County of Riverside. This action is proposed in accordance with United States Code Title 5, Chapter 75; Code of Federal Regulations Title 5, Part 752; and the Departmental Manual Part 370, Chapter 752.

If sustained, this indefinite suspension will become effective no sooner than eight (8) calendar days after you receive this notice. This shortened time period is consistent with the notice requirements set forth in 5 U.S.C. § 7513(b)(1), and the regulations at 5 C.F.R. § 752.404(d) which authorize a shorter notice period for taking an adverse action when the Agency has reasonable cause to believe the employee may have committed a crime for which a sentence of imprisonment may be imposed. If effectuated, this indefinite suspension will remain in effect until the disposition of the criminal prosecution and a decision by the agency regarding your employment has been reached. You are advised that a finding of not guilty does not preclude the Agency from taking administrative action if there is sufficient evidence to warrant such action.

The Agency has reasonable cause to believe that you have committed a crime for which imprisonment may be imposed. Specifically, this proposal notice is based on the following reasons:

On February 17, 2024, the Riverside County Sheriff's Office arrested you for (1) attempted murder (Penal Code of California § 664/187(A)) with the sentence enhancement of discharge of a firearm causing great bodily injury (Penal Code of California § 12022.53(D)), and (2) Assault with a Gun (Penal Code of California § 245(A)(2)) with the sentence enhancement of inflicting great bodily injury (Penal Code of California § 12022.7(A)).

Page **1** of **7**

On April 22, 2024, the District Attorney for the Superior Court of California, County of Riverside, filed a Felony Complaint listing you as the defendant in case number SWF2400710. In this Complaint, District Attorney Erica L. Schwartz declared under penalty of perjury as to Count 1, that you "did willfully, unlawfully, and with malice aforethought attempt the willful, deliberate, and premeditated murder" of a human being in violation of Penal Code section 664/187, subdivision (a), a felony. It is further alleged in this Complaint that, in the commission and attempted commission of the offense, you "personally and intentionally discharged a firearm and proximately caused great bodily injury to another person." Further, pursuant to Penal Code section 12022.53 subdivision (g), probation may not be granted nor shall execution and imposition of a sentence be suspended. According to California Penal Code section 664/187 and 12022.53(d), Count 1 with the sentence enhancer carries a potential penalty of incarceration of twenty-five (25) years to life in state prison.

As to Count 2, District Attorney Erica L. Schwartz alleged that you "willfully and unlawfully committed an assault" upon the victim with a firearm in violation of Penal Code section 245, subdivision (a)(2), a felony. It is further alleged that probation shall not be granted, except in an unusual case, because at the time of the perpetration of the offense and at the time of your arrest, you were armed with a deadly weapon. In addition, it is alleged that you "personally inflicted great bodily injury" upon the victim. According to California Penal Code 245 and 12022.7, Count 2 with the sentence enhancer carries a potential penalty of up to seven (7) years in state prison.

In review of the administrative file, I note that on April 24, 2024, the Agency received a letter written by your attorney, Eugene Carson of The Carson Law Firm, on your behalf, in which you do not deny shooting the victim, however, you allege you acted in self-defense. Although you, through your attorney, allege that the victim was "out of control," you do not deny that you shot the victim. I have also reviewed a video of the shooting. In the video, the victim does not act as an aggressor. Rather, the video shows the victim walking near a fireplace. The video contains audio of the incident as well which contradicts your allegations that the victim was "screaming" and "threatening." Rather, the audio captures the victim speaking in a calm tone, with his hands by his side, moving away from the home. The video further depicts that the victim turns his back to you and retreats from you after you begin shooting at him. After the victim retreats, the video shows you follow him into your home, purportedly where children are located, and you continue to shoot, placing the victim, your family, and your children, at risk of injury or death. The video captures the sound of multiple women and children crying and screaming as a result of your actions, placing them in danger. Specifically, the video captures what sounds like a small baby crying.

You, through your attorney, admit that you armed yourself with a firearm and "struck the victim." However, the letter fails to mention that you shot at the victim approximately nine times, at least one of those shots occurring after the victim appears to have entered the home, where other family members, including children, were present. The video appears to show that you had the weapon concealed on your person prior to the shooting while the victim appears to be completely unarmed. I also note that, despite your attorney arguing that you acted in self-defense of others, the judge ordered bail in the amount of one million dollars ($1,000,000). This staggering bail amount was presumably set due to several factors considered by the judge, as requested by your attorney, including the danger you pose to others and the maximum sentence you are facing, which is life in prison.

Despite the case being set for preliminary hearing on several separate occasions, which would be an opportunity for the judge to dismiss the charges against you, you continue to request that the preliminary hearing be continued. You have chosen not to present evidence of your claim of self-defense to the judge, but rather you have requested to continue your case while it is reviewed for a diversion program.

The Criminal Complaint filed against you and the administrative record in this matter, including video and audio evidence of the crime and the letter written by your attorney on your behalf, give me reasonable cause to believe that you have committed a crime for which a sentence of imprisonment may be imposed.

I have determined that a nexus exists between your alleged crimes and the efficiency of service. You have been charged with attempted murder and assault with a firearm, which is extremely serious and violent criminal conduct. The nature and gravity of your conduct is egregious. Given the egregious and violent nature of the crimes, I believe it would negatively impact the morale of your co-workers and negatively affect the reputation of the Agency if your co-workers or the public were to learn you were allowed to continue working. Additionally, given the nature of your crimes, I have lost confidence in your ability to interact with your co-workers in a law-abiding and non-violent manner.

Additionally, I have evaluated and determined that an indefinite suspension is reasonable, after considering all relevant *Douglas* factors. Furthermore, according to the nature of the offense listed in the criminal complaint, this behavior runs very contrary to the values and ideals of the Agency and falls woefully short of the conduct expected of a Federal employee. Your duties require you to interact with coworkers, the public, and internal and external stakeholders. Your alleged criminal activity compromises the ability of those individuals to rely on you to behave in a safe, law-abiding, and nonviolent manner. The offenses you are charged with reflect adversely on your trustworthiness and are contrary to the role you serve as a Federal employee. Moreover, any proposed action less than indefinite suspension, could lead USGS employees, and potentially the general public to the impermissible conclusion that I, on the USGS's behalf, condone the acts for which you have been charged.

In light of the nature and seriousness of the charges brought against you by the Superior Court of California, County of Riverside, the effect that your alleged misbehavior has on the efficient and effective operation of the Federal service, the morale of employees, and lack of a reasonable alternative sanction, I am proposing this indefinite suspension, without pay, to promote the efficiency of the Federal service.  Should a final decision be made to impose this proposed action, the suspension will end when pending criminal charges against you have been resolved, and the Agency has proposed and effected, if warranted, a decision regarding any necessary subsequent disciplinary action. Be advised that warranted administrative action may be taken regardless of whether the final disposition of the criminal charge is in your favor (i.e. dismissal or acquittal), or whether you are ultimately found guilty of the alleged criminal misconduct. The Agency may take disciplinary action against you, up to and including removal from Federal service. If the charges are dismissed, the Agency will determine the appropriateness of returning you to normal duty.

# PROCEDURAL RIGHTS

The Deciding Official in this matter will be:

Eric G. Reichard
Regional Director for the Southwest Region
2800 Cottage Way, Suite W-1619
Sacramento, CA 95825
Office: (916) 978-2158
Cellphone: (619) 666-0638
Email: egreich@usgs.gov

A decision on this proposed indefinite suspension notice will be made no sooner than eight (8) calendar days from the date you receive this proposal notice. The decision will be made based on this proposal notice, the evidentiary record, and any reply that you wish to provide in response to this proposal. You and/or your representative will be given seven (7) calendar days from the date you receive this notice in which to review the material on which this notice is based, and if you so desire, to answer it orally and/or in writing. To set up an oral, in-person reply, you should contact Lebeka West, Supervisory Human Resources Specialist, via email at lebekawest@usgs.gov. Your written reply should be directed to Mr. Reichard, at the above listed address.

Ms. West will assist you, as necessary, in arranging an appropriate time for you to present, if you so choose an oral reply to Regional Director Reichard. Ms. West will also ensure that Regional Director Reichard receives your written reply (along with supporting affidavits and other evidence), if you choose to submit a written answer, which you should send electronically with the subject line: PERSONNEL MATTER - TO BE OPENED ONLY BY MS. LEBEKA WEST. Your written response, if any, to this advance notice of proposed removal may be signed electronically by you or your representative(s) and cannot be transmitted by postage-paid Federal government envelope.

## Designation of a Representative

You may be represented by an attorney or other representative. If you elect to use an attorney or other representative, you must identify and designate the individual(s) in writing to Human Resources, who will communicate that information to Mr. Reichard. You must designate your representative(s) in writing by providing her or his or their name(s), address(es), and phone number(s). The USGS may disallow as your representative any individual whose activities as representative would cause a conflict of interest or position, or an USGS employee whose release from his or her official position would give rise to unreasonable costs or whose priority work assignments preclude his or her release.

Your reply should include any information or evidence you want Mr. Reichard to consider in making a decision on this proposed indefinite suspension. If you need an extension of time to reply, your request must be in writing and must be received by Mr. Reichard no later than the close

of business at the end of the seven (7) calendar day response date. It must state the reason for the request and the amount of additional time needed. Mr. Reichard will respond to you, in writing, either granting or denying (fully or partially) the time extension request. During the reply process, you have the right to be represented by an attorney or other representative of your choice. However, management has the right to disallow as your representative an individual whose activities as a representative would cause a conflict of interest or position, or an employee whose priority work assignments preclude his/her release. If you elect a representative, you must designate the individual, in writing, to Human Resources prior to any oral and/or written reply. A designation must include the name, address, and telephone number of your representative.

### Reasonable Amount of Official Time to Respond

You are entitled to a reasonable amount of official time to prepare and present your response(s), and to review the material which supports this advance written notice of proposed adverse action. Use of any official time for this purpose must be made to and approved by me in advance. Your representative, if an employee of USGS, must also request official time from his/her supervisor in advance.

### Written Final Decision on this Proposed Suspension

Regardless of the method(s) through which you choose to reply, Mr. Reichard will fully review and carefully consider the reply or replies that you submit. If you believe that the proposed adverse action is unwarranted or unreasonable, it is important that you reply, stating completely all the facts, including any medical conditions, which support your reasons why the proposed adverse action should be rejected or mitigated by Mr. Reichard. Consistent with the information above, you may furnish affidavits and other documentary evidence in support of your oral and/or written answer(s).

All documents and other materials relied upon to support this proposed adverse action, as identified above, are enclosed with this proposal. If you have any questions about your employee rights or the procedures associated with this advance written notice of proposed adverse action, please contact Human Resources.

Mr. Reichard will not make any decision until your **7-day** response period has expired, and for the purposes of his decision, he will consider only the reasons specified in this advance written notice, the documents and other materials relied upon to support this proposed adverse action, the reply or replies that you and/or your representative(s) submit to Mr. Reichard, and other information or documents upon which you have received a reasonable opportunity to comment. Whether or not you reply, Mr. Reichard will issue to you a written final decision, with specific reasons for his decision, at the earliest practicable date. As stated above, the written decision from Mr. Reichard, if he sustains this proposed adverse action, will become effective at the earliest practicable date after your reply or replies has or have been received and considered or, if no written reply is received or oral reply is requested, at the earliest practicable date after your 7-day response period ends. Full consideration will be given to any reply you make, and you will receive a written decision on the proposal at the earliest practicable date after receipt of your reply. If you do not

reply, a decision will be made after expiration of the seven (7) calendar day, which is the time period you have to reply to this action.

## Your Duty Status During the Advance Written Notice Period

During the advance notice period, you will be immediately placed in a paid, non-duty status referred to as "notice leave" until the date on which Mr. Reichard issues his written decision in this matter. Before placing you on notice leave as authorized and provided at 5 U.S.C. § 6329b, I considered 1) assigning you to other duties through telework, 2) allowing you to take leave for which you are eligible, and 3) curtailing the notice period because I have reasonable cause to believe that you have committed a crime for which a sentence of imprisonment may be imposed. With the exception of the latter, I find that the available options are not appropriate. Upon receipt of this memorandum, please satisfy administrative requirements for paid administrative leave, surrender your keys, access badge, and assigned electronic equipment. Throughout the period of your paid administrative leave, you should not report to work, but you must remain available to return to the workplace as directed and authorized by me. In addition, you must request sick and annual leave in the normal manner.

If you have any questions regarding the processes outlined above, please contact Ms. Lebeka West, at lebekawest@usgs.gov.

## Appeal Rights

If Mr. Reichard issues you a decision letter to indefinitely suspend you from your position and from Federal service, the following employee rights may be afforded to you:

You may appeal a decision to the Merit Systems Protection Board (MSPB). A copy of the appeal form may be found at http://www.mspb.gov/appeals/forms.htm. If you would like to review MSPB's regulations, they are available at http://www.mspb.gov.

You may seek corrective action before the Office of Special Counsel, https://osc.gov. However, your appeal may be limited to whether the agency took one or more covered personnel actions against you in retaliation for making a protected whistleblowing disclosure.

You may be afforded the right to contact an Equal Employment Office (EEO) counselor if you believe that you have been unlawfully discriminated against. Please note that in accordance with 29 C.F.R. § 1614.302, you may not initially file both a mixed EEO complaint and a MSPB appeal on the same matter; whichever is filed first shall be considered an election to proceed in that forum.

Should you receive a decision letter to indefinitely suspend you, you will be provided additional information on your avenues of redress and the time frames required to exercise each.

## Employee Assistance Program

If you believe that personal, medical, or other problems are a reason for your misconduct, you may seek assistance by contacting the Employee Assistance Program (EAP) at 1-800-869-0276.

Counselors are available 24 hours a day to offer assistance. Any contact with EAP is voluntary and strictly confidential. No information is released without your express written consent.

## NOTICE OF ACKNOWLEDGEMENT

This notice is presented to you personally, you are requested to sign and date the acknowledgement copy as evidence that you have received it. Your signature does not mean that you agree or disagree with the contents of this notice and, by signing, you will not forfeit any of the rights to which you may have entitlement. However, your failure to sign will not void the contents of the attached memorandum.

I acknowledge receipt of this notice advising me of the Agency's Proposal of an Indefinite Suspension.

_____          _____
James Seme                                Date



_____          _____
Signature of Disseminating Official       Date

**MATTHEW DEKAR**    Digitally signed by MATTHEW DEKAR
                     Date: 2024.10.17 08:44:40 -07'00'

_____
Matthew Dekar


Materials Relied Upon:

1. Written Statement from The Carson Law Firm for James Seme
2. Riverside Superior Court Criminal Case Report for James Seme
3. Riverside County Sheriff's Office Jail Information Management System for James Seme
4. DOI USGS Code of Conduct
5. Fiscal Year 2023 Employee Performance Appraisal Plan for James Seme, dated October 31, 2023
6. Initial Ethics Orientation for New USGS Employees, March 19, 2018
7. DOI Talent Record of Learning for James Seme
8. Position Description for James Seme
9. SF-50 Hiring Authority for James Seme
10. Felony Complaint
11. Video



**MICHAEL A. HESTRIN**
DISTRICT ATTORNEY

OFFICE OF
# THE DISTRICT ATTORNEY
COUNTY OF RIVERSIDE

August 15, 2025

Michael R. Huff, Esq.
Biana Piedra-Rojas, Paralegal
Huff Legal
Huff@hufflegal.com
Bianca@hufflegal.com

Subject:    <u>California Public Records Act Request</u>
Reference Nos. R000350-072925; CPRA 2025-190

Dear Michael Huff:

The California Public Records Act Unit of the Riverside County District Attorney's Office received a mailed request from your client, James Seme, on July 22, 2025, in which he requested the following:

> *I am requesting access to public records for the following public*
> *officers currently or previously acting in the capacity of District Attorney, Deputy District Attorney, or Assistant District Attorney within Riverside County:*
>
> *- Gerald (Jerry) Pfohl*
> *- Alexander Kuznetsov*
> *- Torey Linsey Nasif*
>
> *Specifically, I request:*
>
> *1. A certified copy of the current oath of office for each named individual, including the date administered, the text of the oath, and the official who administered it.*
>
> *2. A certified copy of any official bond, surety bond, or blanket bond covering each individual's term of office, including the bonding company name, policy or bond*

*number, coverage amount, effective dates, and claim procedures.*

*3. The name and contact information of the surety company responsible for bond claims, and instructions for filing a claim in the event of official misconduct or breach of oath pursuant to Government Code§ 1459 and Code of Civil Procedure§ 995.630.*

*4. A signed certification or court seal by a county clerk or authorized officer attesting to the authenticity and status of the requested records.*

Upon receiving the above request, I contacted paralegal Bianca Piedra-Rojas at your office and expressed my concerns about both our obligation to respond to his request, but also the fact that he is a represented party in a criminal case. His requests are related to the case in which you represent him, *People v. James Seme, SWF2400710*, a pending criminal case set for Jury Trial on August 8, 2025.

So as to not violate the California Rules of Professional Conduct, Rule 4.2[1], you have agreed to receive our CPRA responses on behalf of Mr. Seme. Thank you for your cooperation in this matter.

In response to James Seme's request number 1, the State Bar of California is the holder of records of attorney oaths taken pursuant to California Business and Professions Code section 6067, and a prerequisite to the practice of law in the State of California. Attorney oaths under this section for Gerald Pfohl, Alexander Kuznetsov, and Torey Nasif were provided to the California State Bar, and the Riverside County District Attorney's Office therefore does not possess records responsive to your request. The current status of each individual license to practice law can be found at www.calbar.org.

As to James Seme's request number 2, the Riverside County District Attorney's Office does not possess records responsive to the request.

As to James Seme's request number 3, any requests for names or information regarding an official bond of the county clerk pursuant to Government Code section 1459 or California Code of Civil Procedure section 995.630 should be directed toward the appropriate department or departments through the County of Riverside, not the Riverside County District Attorney's Office. The Riverside County District Attorney's Office is not the custodian of records for such information and does not possess records

---

[1] In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

responsive to the request.  The Riverside County public records portal can be found here: Make request - NextRequest - Modern FOIA & Public Records Request Software

Similarly, James Seme's request number 4 should be directed at the County of Riverside, not the Riverside County District Attorney's Office.  The Riverside County District Attorney's Office is not in possession of records responsive to the request.

James Seme's request is now considered closed.  Should you have any questions and/or concerns, please contact our office by e-mail at cpra@rivcoda.org.

Very truly yours,

MICHAEL A. HESTRIN
District Attorney

/ s /

LAURA J. WATTS
Deputy District Attorney

File is 22mb. Will your system handle a direct transfer?
- Fox

**From:** Husman, Christina F ███████████████████████████
**Sent:** Thursday, September 26, 2024 5:58 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

I did not receive a link. Could you send it as an attachment to an email?

Thank you!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
████████████     ███████

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Wednesday, September 25, 2024 10:25 PM
**To:** Husman, Christina F ██████████████████
**Subject:** [EXTERNAL] Seme SWF2400710


**This email has been received from outside of DOI - Use caution before clicking on links, opening attachments, or responding.**


Ms. Husman,
I sent you a link via Dropbox. (On Monday, I think.)
1) Did you receive it?
2) Were you successful in downloading the video?

Thank you

Daniel M. Fox,
Deputy District Attorney
Riverside District Attorney (SW)
████████████

**Sent:** Thursday, June 20, 2024 12:48 PM
**To:** Husman, Christina F ███████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

It's gonna get continued to sometime in July.  (Court is going to grant it over my objection.)

When I have a date – I'll send it to you.

- Fox

**From:** Husman, Christina F ███████████████████
**Sent:** Thursday, June 20, 2024 11:46 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hi,

Thanks so much for the quick response and the bail motion. If you don't mind, I'll follow up on Monday to see if the preliminary hearing occurred.

Thanks again!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
███████████████████

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Thursday, June 20, 2024 12:40 PM
**To:** Husman, Christina F ███████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

He has a prelim set for tomorrow, but the def atty is begging "not ready."
(Mr. Seme had his bail lowered and is now out-of-custody, I believe.  So, he's in no hurry to move the matter along.)

As to PC: again, I can't send you the police reports, but attached is the defense bail motion. It's not government issued, but...

If I can come up with some releasable PC statement, I will send it along.

- Fox

**From:** Husman, Christina F ████████████████████████████
**Sent:** Thursday, June 20, 2024 11:31 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hi Mr. Fox,

Thank you for the complaint! Does Mr. Seme have a preliminary hearing scheduled? Is there any documentation that establishes probable cause for this case?

You're right, I am in Colorado! The DOI is good! I used to be a prosecutor here in Colorado, and sometimes miss it.

Thanks again!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
████████████████████████████

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Wednesday, June 19, 2024 10:53 AM
**To:** Husman, Christina F ████████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Ms. Husman,
I have attached the felony complaint for SWF2400710.

In this particular matter, we do not have an arrest warrant declaration (statement of probably cause), as Mr. Seme was arrested at the scene at the time of the offense. By law, I cannot provide you with the police reports. There is a rendition of "the facts" contained within a bail motion filed by the defense in this case. I can send it to you as it is a publicly filed document. It is rather lopsided, but it does lay out the underlying evidence of Mr. Seme shooting his "father-in-law" an estimated 8 times at close range. Please let me know if you would like a copy of the defense document. There's also a home security video of the incident, but I cannot provide that to you until much later (post-introduction into evidence at a public

hearing.)

How's DOI? I did some work for them back in the day. IA (BIA), Native American Trust litigation.

303 – Colorado if I recall correctly.

- Fox

**From:** Husman, Christina F <span style="background:black">████████████████</span>
**Sent:** Tuesday, June 18, 2024 1:14 PM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello Mr. Fox,

Thank you for your email. I am an attorney with the Department of the Interior (DOI). Mr. Seme is an employee with the USGS, which is an agency of the DOI. I was hoping you could provide me with the charging document for his criminal case. Specifically, could you send me the information, indictment, or other document of probable cause? Please let me know if you have any questions.

Thank you!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
<span style="background:black">████████████</span>

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Tuesday, June 18, 2024 1:36 PM
**To:** Husman, Christina F <span style="background:black">████████████</span>
**Subject:** [EXTERNAL] Seme SWF2400710

**This email has been received from outside of DOI - Use caution before clicking on links, opening attachments, or responding.**

Ms. Husman,
I received notice you wish to speak with me about the above matter.

How can I help you?

Daniel M. Fox,
Deputy District Attorney
Riverside District Attorney (SW)

**From:** Fox, Daniel
**Sent:** Wednesday, September 4, 2024 1:22 PM
**To:** Husman, Christina F ████████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Ah, the wonderful world of California felony sentencing.

If convicted of count 1 and the enhancement, Mr. Seme would be sentenced to 25-to-life in the
state prison.  (664/187 plus 12022.53(d) gets you 25-to-life.)
664/187 with "willful, deliberate and premeditated" finding carried 7-to-life.
(However, if in the commission of said crime the defendant personally discharges a firearm
and thereby causes "great bodily injury," the punishment jumps to 25-to-life.  664/187 without
"willful, deliberate and premeditated" carries a punishment of 5/7/9 years, but tack on the
12022.53(d) and it's back to 25-to-life.)

Count 2 (245(a)(2) PC) is a "in the alternative" sort of charge to the crimes alleged in count 1.
On count 2, standing alone, with the enhancement, Mr. Seme would face up to 7 years in the
state prison.  (245 + 12022.7 = 2/3/4 +3)
(Count 2 is likely to become a 245(b), which carries 3/6/9.)

In CA today, as a result of SCOTUS and Cal Supreme rulings, to get the "upper term" (4 years),
the People have to plead and prove "aggravating factors."  Without those being found true, the
sentence would be limited to the "middle term" (3 years) plus the 12022.7 (Great Bodily Injury)
allegation (3 years) for a total of 6 years.

- Fox

**From:** Husman, Christina F ████████████████████
**Sent:** Wednesday, September 4, 2024 12:21 PM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

Thank you for the update. Am I correct that Mr. Seme faces a possible penalty of life in

prison for count 1 and up to 4 years on count 2? Do the aggravating factors change that?

Thanks again!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
██████████████    ████

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Tuesday, September 3, 2024 3:20 PM
**To:** Husman, Christina F ███████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Good Afternoon, Christina.
Mr. Seme's case is kind of in the never ending continuance loop I had feared from day one.

His mental health diversion hearing is set for 10/1/24.
In the meantime, we (prosecution) have sent subpoenas for all sorts of records on him: VA,
Navy, USGS( – who failed to appear today.)

So, next big date for updates is 10/2/24.
- Fox

**From:** Husman, Christina F ███████████████████
**Sent:** Monday, September 2, 2024 9:05 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

Could you provide an update on Mr. Seme's case?

Thank you!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior

██████████

**From:** Andoh, Shelena ████████████████
**Sent:** Wednesday, August 14, 2024 4:39 PM
**To:** Husman, Christina F████████████████
**Cc:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Hello Christina,

If Mr. Seme is accepted into the program we will not be allowed to discuss the details specific to his treatment plan. However, here are a few general bullets that I believe will answer your questions.

- The program is no more than 2 years.
- Complete comprehensive individualized treatment plan is created based on the participant's needs.
- Treatment may include counseling for substance abuse and/or mental health issues, regular attendance at recovery support/self-help meetings, anger management, etc.
- Participants will not be under the supervision of the Probation Department and will not be subject to testing/search terms.
- Victim restitution will be ordered.
    - The case will be dismissed upon successful completion of Mental Health Diversion

Kindly,
Shelly


Shelly Andoh
Paralegal
**Riverside County District Attorney's Office**

██████████

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Wednesday, August 14, 2024 3:27 PM
**To:** Andoh, Shelena ████████████████
**Subject:** FW: [EXTERNAL] Seme SWF2400710

Shelly,

You are the knowledgeable one on this subject.

Would you mind responding?

- Fox

**From:** Husman, Christina F ███████████████

**Sent:** Wednesday, August 14, 2024 1:57 PM

**To:** Fox, Daniel <DanielFox@RivCoDA.org>

**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

Could you provide some information about the mental health diversion program? If Mr. Seme is accepted and successful, are his charges dismissed? What are the conditions and what is the length of the program? Did Mr. Seme need to sign an agreement to enter the program?

Thanks so much for all of your help!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
███████████████

**From:** Husman, Christina F ███████████████

**Sent:** Friday, August 9, 2024 2:56 PM

**To:** Fox, Daniel <DanielFox@RivCoDA.org>

**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

I would recommend contacting the regional solicitor's office for information on to whom to send the subpoena. Their information is below:

https://www.doi.gov/solicitor/southwest-region [doi.gov]

Southwest Region | U.S. Department of the Interior [doi.gov]

The Office of the Solicitor's Southwest Region has a regional office in Albuquerque, New Mexico, and a field office in Tulsa, Oklahoma.

www.doi.gov [doi.gov]

Thank you,

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior

███████████████████████

---

███  Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Thursday, August 8, 2024 11:42 AM
**To:** Husman, Christina F ████████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Thank you.

Yes, assuming he is NOT granted diversion (which in this day and age is a big assumption), then the preliminary hearing will once again be placed on calendar. (And then, on that date, the defense attorney will once again show up with an excuse as to why he is not ready.)

- Fox

**From:** Husman, Christina F ████████████████████
**Sent:** Thursday, August 8, 2024 10:21 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

I am working to identify the person to receive the SDT. Once I have that information, I'll let you know. After the mental health diversion court date on the 27th, will the preliminary hearing be rescheduled?

Thank you,

Christina Husman

Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
█████████████████
███████

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Monday, August 5, 2024 9:35 AM
**To:** Husman, Christina F █████████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

We're going to come a calling for his personnel records.
To whom to we send the sub duces tecum?

He's claiming "PTSD made me do it."
As such, any history of PTSD he may have in his employment history has now been put in play.

Thanx
- Fox

**From:** Husman, Christina F █████████████████████
**Sent:** Monday, August 5, 2024 8:28 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello,

Thank you so much for the update!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
█████████████████
███████

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Thursday, August 1, 2024 12:04 PM
**To:** Husman, Christina F █████████████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Ms. Husman,

We were supposed to do a preliminary hearing today, but Mr. Seme's attorney showed up and said, "What? We're doing what?" and then said, "I didn't know that. I'm not ready."

Case is next on calendar for 8/27/24 for Mental Health Diversion. (Yes, even attempted murders can get diverted out of the criminal justice system in CA.)
Then, maybe, we'll actually get around to doing a preliminary hearing.

I will keep you posted, and once I get to put the video into evidence in open court – I will send you a copy. (It's better than any statement of probable cause.)

- Fox

**From:** Husman, Christina F ███████████████████
**Sent:** Thursday, June 20, 2024 11:31 AM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hi Mr. Fox,

Thank you for the complaint! Does Mr. Seme have a preliminary hearing scheduled? Is there any documentation that establishes probable cause for this case?

You're right, I am in Colorado! The DOI is good! I used to be a prosecutor here in Colorado, and sometimes miss it.

Thanks again!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
████████████     ████

**From:** Fox, Daniel <DanielFox@RivCoDA.org>
**Sent:** Wednesday, June 19, 2024 10:53 AM
**To:** Husman, Christina F ███████████████
**Subject:** RE: [EXTERNAL] Seme SWF2400710

Ms. Husman,
I have attached the felony complaint for SWF2400710.

In this particular matter, we do not have an arrest warrant declaration (statement of probably cause), as Mr. Seme was arrested at the scene at the time of the offense.  By law, I cannot provide you with the police reports.  There is a rendition of "the facts" contained within a bail motion filed by the defense in this case.  I can send it to you as it is a publicly filed document. It is rather lopsided, but it does lay out the underlying evidence of Mr. Seme shooting his "father-in-law" an estimated 8 times at close range.  Please let me know if you would like a copy of the defense document.  There's also a home security video of the incident, but I cannot provide that to you until much later (post-introduction into evidence at a public hearing.)

How's DOI?  I did some work for them back in the day.  IA (BIA), Native American Trust litigation.

303 – Colorado if I recall correctly.

- Fox

**From:** Husman, Christina F ███████████████████
**Sent:** Tuesday, June 18, 2024 1:14 PM
**To:** Fox, Daniel <DanielFox@RivCoDA.org>
**Subject:** Re: [EXTERNAL] Seme SWF2400710

Hello Mr. Fox,

Thank you for your email. I am an attorney with the Department of the Interior (DOI). Mr. Seme is an employee with the USGS, which is an agency of the DOI. I was hoping you could provide me with the charging document for his criminal case. Specifically, could you send me the information, indictment, or other document of probable cause? Please let me know if you have any questions.

Thank you!

Christina Husman
Attorney Advisor
Employment and Labor Law Unit
Office of the Solicitor
Department of the Interior
███████████████████

---

**From:** Fox, Daniel <DanielFox@RivCoDA.org>

**Sent:** Tuesday, June 18, 2024 1:36 PM
**To:** Husman, Christina F ████████████████████
**Subject:** [EXTERNAL] Seme SWF2400710

---

| This email has been received from outside of DOI - Use caution before clicking on links, opening attachments, or responding. |
| --- |

Ms. Husman,
I received notice you wish to speak with me about the above matter.

How can I help you?

Daniel M. Fox,
Deputy District Attorney
Riverside District Attorney (SW)
████████████



**MICHAEL A. HESTRIN**
DISTRICT ATTORNEY

OFFICE OF
# THE DISTRICT ATTORNEY
COUNTY OF RIVERSIDE

August 15, 2025

Michael R. Huff, Esq.
Biana Piedra-Rojas, Paralegal
Huff Legal
Huff@hufflegal.com
Bianca@hufflegal.com

Subject:    <u>California Public Records Act Request</u>
Reference Nos. R000349-072925; CPRA 2025-189

Dear Michael Huff:

The California Public Records Act Unit of the Riverside County District Attorney's Office received a mailed request from your client, James Seme, on July 22, 2025, in which he requested the following:

> 1.  *All communications, including but not limited to emails,*
> *memoranda, letters, notes, and phone records, between any personnel of the Riverside County District Attorney's Office (prosecutors, investigators, or staff) and the United States Department of the Interior (DOI), specifically the U.S. Geological Survey (USGS), concerning or referencing James Seme or case number SWF2400710 from February 17,*
> *2024, to the present.*
>
> 2. *All records relating to the disclosure, whether voluntary, compelled, or unauthorized, of any video recordings, personnel records, internal correspondence, employment documentation, or digital materials involving or pertaining to James Seme's employment or professional identity.*

> *3. All internal RCDA protocols, policies, training manuals, legal memoranda, or written guidance used to determine whether the above disclosures comply with California Penal Code§ 832.7, the Federal Privacy Act (5 U.S.C. § 552a), the U.S. Constitution, and applicable interagency confidentiality agreements.*

Upon receiving the request, I contacted paralegal Bianca Piedra-Rojas at your office and expressed my concerns about both our obligation to respond to his request, but also the fact that he is a represented party in a criminal case. His requests are related to the case in which you represent him, *People v. James Seme, SWF2400710*, a pending criminal case set for Jury Trial on August 8, 2025.

So as to not violate the California Rules of Professional Conduct, Rule 4.2[1], you have agreed to receive our CPRA responses on behalf of Mr. Seme. Thank you for your cooperation in this matter.

With respect to James Seme's number 1, we have included emails responsive to his request. Non-public personal identifying information has been redacted pursuant to California Government Code section 7927.700 in that there is no public interest in disclosing government emails or direct phone numbers when general contact information is readily available publicly. Therefore, the public interest in nondisclosure clearly outweighs the public interest served by disclosure.

As to James Seme's number 2, this office is not in possession of any employment records (video, personnel, internal correspondence within James Seme's employer, employment documentation, or digital materials) from James Seme's employer. We take "professional identity" to have the same meaning as "employment." The extent of information in the Riverside County District Attorney's Office's possesses with any relation to James Seme's employment has been provided under request number 1.

Request 3 is vague as to time, and overbroad in scope. To fulfill the request would ostensibly require a hand search of every document, email, and file since the inception of the office in order to search for potentially responsive records. We also do not understand what is meant by "applicable" interagency confidentiality agreements. It would be unduly burdensome for us to search through decades of documents, emails, and case files for records we are at the start unclear about. (See *Bertoli v. City of Sebastopol* (2015) 233 Cal.App.4th 353, 371, quoting *California First Amendment Coalition v.*

---

[1] In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

*Superior Court* (1998) 67 Cal.App.4th 159, 166 [requests that result in "needle in the haystack" searches are unduly burdensome].) (Gov. Code, § 7927.000.)

James Seme's request is now closed. Should you have any questions and/or concerns, please contact our office by e-mail at cpra@rivcoda.org.


Very truly yours,

MICHAEL A. HESTRIN
District Attorney

/ s /

LAURA J. WATTS
Deputy District Attorney

For Court Use Only

STATE OF CALIFORNIA - COUNTY OF RIVERSIDE

# SEARCH WARRANT AND AFFIDAVIT

**Investigator Jeff Andrews**, swears under oath and declares under penalty of perjury that the facts expressed by him/her in this Search Warrant, Affidavit, and the attached and incorporated statement of probable cause are true and that based thereon he/she has probable cause to believe and does believe that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now located at the location(s) set forth below. Wherefore, affiant requests that this Search Warrant be issued.

☐ ELECTRONIC MONITORING REQUESTED
☐ SEALING REQUESTED EVID §1040-1042
☑ NIGHT SERVICE REQUESTED
☐ DELAYED NOTIFICATION REQUESTED
☐ NON-DISCLOSURE REQUESTED
☐ HOBBS SEALING REQUESTED
☐ 10 DAY RETURN OF SERVICE WAIVER REQUESTED
    10 Day Return of Service Waiver - Number of Days Requested: _____

    Date/Time  02/18/2024 01:31 AM _____     Place (City/County and State)  Temecula, CA _____

Investigator Jeff Andrews _____      *J. Andrews #5275* _____
    (TYPE OR PRINT NAME OF PARTY MAKING DECLARATION)      J. Andrews #5275 (Feb 18, 2024 01:31 PST)      (SIGNATURE)

## SEARCH WARRANT

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SPECIAL AGENT, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF RIVERSIDE**: Proof by affidavit having been made before me by **Investigator Jeff Andrews** that there is probable cause to believe that at the property described herein may be found at the locations set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524/1534, as indicated by checked items below in that:

☐ It was stolen or embezzled.
☑ It was used as the means of committing a felony.
☑ It is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another whom he or she may have delivered it for the purpose of concealing it or preventing its discovery.
☑ It tends to show that a felony has been committed or that a particular person has committed a felony.
☐ It tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3 has occurred or is occurring.
☐ The information to be received from the use of a tracking device tends to show a felony has been or is being committed or tends to show that a particular person has committed or is committing a felony.
☑ A provider of electronic communication service or remote computing service has records of evidence, as specified in Penal Code Section 1524.3.
☐ A recording device installed by the manufacturer of a motor vehicle tends to show a felony or misdemeanor involving a motor vehicle, resulting in death or serious bodily injury, as specified in Penal Code Section 1524(a)(19)(A).
☐ There is a warrant for the person's arrest.

**YOU ARE THEREFORE COMMANDED TO SEARCH: (premises, vehicles, persons, locations)**

    *See ATTACHMENT A for locations and persons*

**FOR THE FOLLOWING PROPERTY/PERSON:**

    *See ATTACHMENT B*

**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or the appropriate courthouse within the County of Riverside. This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me this **18 day of February, 2024, 01:31 AM.** Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

**IT IS FURTHER ORDERED AS INDICATED BY CHECKED ITEMS IN THAT:**

- ☐ ELECTRONIC MONITORING ORDERED
- ☐ SEALING ORDERED (1040-1042)
- ☑ NIGHT SERVICE ORDERED
- ☐ DELAYED NOTIFICATION ORDERED
- ☐ NON-DISCLOSURE ORDERED
- ☐ HOBBS SEALING ORDERED
- ☐ 10 DAY RETURN OF SERVICE WAIVER ORDERED

Return of Service Waiver - Number of Days Ordered: _____

Feb 18, 2024
_____
Date

*Mark A Mandio*
Mark A Mandio (Feb 18, 2024 01:39 PST)
_____
Signature of Magistrate Signed Pursuant to 1526(c)(1)

# SEARCH WARRANT AND AFFIDAVIT
### Superior Court of California, County of Riverside

## ATTACHMENT A

**FOR THE FOLLOWING PREMISES/VEHICLES/PERSONS/LOCATIONS:**

The preemies is further described as:

The residence is located at 39770 Roripaugh Road, Temecula, CA, 93591. The residence is further described as a two story single family residence with tan stucco, white trim, and brown clay tile roof. The numbers, "39770" are posted in black numbered placards on the eastside of the trim above the garage facing north. The front door to the residence faces north towards Roripaugh Road.

Search to include: all safes, locked cabinets and boxes, garbage bins, all tents, tent trailers, motor homes, travel trailers, improvise living areas, storage areas, vehicles associated with the property and other parts their in. Any vehicles parked at or near the above[1]mentioned location provided it can be connected to an occupant of the premises by way of admissions, keys, photographs, Department of Motor Vehicles documents, insurance papers, or repair receipts.



The vehicles:

The first vehicle is a white Nissan SUV bearing license plate #8NHM395. The registered owner of the vehicle is James Seme at the above stated residence. The vehicle is currently parked in the driveway of the above address.

The second vehicle is a black Nissan Altima bearing license plate #7PLL223. The vehicle is registered to Brycen Freitas at the above stated address. The vehicle is currently parked in the driveway of the above address



*The person(s):*

The person is James Seme D.O.B. 09/22/1985, 5'09", 190 lbs, black male adult, black hair and brown eyes.

# SEARCH WARRANT AND AFFIDAVIT
## Superior Court of California, County of Riverside

# ATTACHMENT B

**FOR THE FOLLOWING PROPERTY/PERSON TO BE SEIZED:**

The following firearms:

1.) A black handgun and magazine located on the north east side of the residence. All types of firearms and weapons including rifles, shotguns, handguns, illegal weapons, destructive devices. Also to include all types of booby traps and detection devices used to suppress law enforcement entry or provide warning. Accessories related to the use, sales and trafficking of firearms to include but not limited to; firearm parts, accessories, ammunition, projectiles, casings, primers, magazines, and magazine parts, etc.

2.) Any home video surveillance, system, DVR, or application containing video surveillance from 39770 Roripaugh Road, Temecula.

3.) Collection of DNA sample from James Seme D.O.B. 09/22/1985 via two buccal swabs or blood draw.

4.) Forensics: The collection of trace evidence, blood, hair, fingerprints, photographs from the crime scene.

5. ) Any and all cell phone located belonging to the victims or suspect, or any phone deemed to contain evidence through interviews and investigative measures at the scene.

Dominion and Control

Personal property and papers tending to show and prove dominion and control of the residence and personal items of identification to identify the persons at the residence including letters, utility bills, driver licenses, rent receipts, pay stubs, cancelled checks, buyer lists, seller list, personal telephone books, address books, telephone bills, papers and documents tending to show drug sale transactions, money laundering, bank account transactions including, but not limited to computer software, notebooks, ledger sheets, and papers containing facts and/or figures, amounts paid and owed, and price lists, documents and other items tending to identify co-conspirators and or other evidence indicating co-conspiracy, and/or other possible locations for storing firearms and ammunitions.

UNRELATED EVIDENCE: As required by California Penal Code § 1546.1 (d); any information obtained through the execution of this warrant that is unrelated to the objective of the warrant shall be sealed and shall not be subject further review, use, or disclosure absent an order from the Court.

## RIVERSIDE COUNTY SHERIFF'S DEPARTMENT
### PROPERTY REPORT

| 1. Date 2/18/24 | 2. Time 1300 | 3. Offense 245 PC | 4. File Number TE2510481133 |
|---|---|---|---|

| 5. ☑ Receipt ☐ Release | 6. ☐ Evidence ☐ Found Property ☐ Safe Keeping |
|---|---|

**7. Name** JAMES SIME

| 8. Residence Address 39770 Zurburgh Pl Tm | Phone |
|---|---|

| 9. Business Address | Phone |
|---|---|

| 10. Item | 11. Quantity | 12. Description |
|---|---|---|
| 01 | 01 | Black cell phone w/ Black case found in garage    cvvishes |
| 02 | 01 | Iphone w/ black case found in foyer    c103 hes |
| 03 | 01 | Iphone w/ black case found in livesroom floor    cvvishes |
| 04 | 01 | Iphone w/ Pink case found on coffee table in livesroom    cvvishes |
| 05 | 01 | Iphone w/ green case found on coffee table in living room    cvvishes |
| 06 | 01 | Scmsung cell phone in black case found on end table in livesroom    cvvish |
| 07 | 01 | Iphone w/ clear case with sparkles found in kitchen placed on k's    04/04/1185 |
| 08 | 01 | Black safe from master bedroom closet    cvvishes |
| | | LAST ITEM |

| 13. Signature of Owner/Agent: | 14. Received or Released by: R. Page 1113 | I.D. # |
|---|---|---|

**15.**                **18250 P.C. WEAPONS/FIREARMS SEIZURE**

Weapons and/or firearms seized and taken into temporary custody, pursuant to 18250 P.C. shall be held by seizing agency.  Individuals seeking the return of the firearms must complete and submit a Law Enforcement Gun Release Application to the Department of Justice except when forfeiture proceedings are initiated by the seizing agency in accordance with 18275 P.C.  Such application may be obtained from any Law Enforcement agency. For further information, contact the Property Room Clerk of the _____ Station at the phone number _____ during normal business hours.  You will be notified within ten (10) business days if forfeiture proceedings are initiated.  Weapons and/or firearms not claimed within twelve (12) months of the date of seizure shall be deemed a nuisance and disposed of in accordance with 18005(c) P.C.

**16.**                **AFFIDAVIT OF FINDER OF PROPERTY**
   **I declare that on: (date) _____ at (time) _____ I found or saved the above described property and the owner is not known to me. I have not secreted, withheld, or disposed of any part of said property; and I have saved the property from** _____

**in the following manner** _____
**I declare under PENALTY OF PERJURY that the foregoing is true.**
**Signed:** _____ **Date:** _____
**Witness:** _____ **Date:** _____

If you wish to claim the above described property, contact this department after ninety (90) days.  If the owner is not located and you have not contacted this department within one hundred twenty (120) days, the property will be disposed of.

Riverside County Sheriff-Form 409 (Revised 11-15-2016)

# RIVERSIDE COUNTY SHERIFF'S DEPARTMENT
## PROPERTY REPORT

| 1. Date 2/8/24 | 2. Time 1500 0200 | 3. Offense 245 PC | 4. File Number TT240480133 |
|---|---|---|---|

| 5. ☑ Receipt ☐ Release | 6. ☒ Evidence ☐ Found Property ☐ Safe Keeping |
|---|---|

**7. Name** JAMES SEME

**8. Residence Address** 39770 Roripaugh Rd, Tem     Phone

**9. Business Address**     Phone 310 ___

| 10. Item | 11. Quantity | 12. Description |
|---|---|---|
| 01 | 01 | Possible pistol ___ ___ 0501 HRS |
| 02 | 01 | Possible bullet jacket 0502 HRS |
| 03 | 01 | Red shirt by body area size XXL 0502 HRS |
| 04 | 01 | 9mm Luger casing Hornady 0514 HRS |
| 05 | 01 | 9mm Luger casing Hornady 0515 HRS |
| 06 | 01 | 9mm Luger casing Hornady 0515 HRS |
| 07 | 01 | 9mm Luger casing Hornady 0516 HRS |
| 08 | 01 | 9mm Luger casing Hornady 0516 HRS |
| 09 | 01 | 9mm Luger casing Hornady 0517 HRS |

| 13. Signature of Owner/Agent: | 14. Received or Released by: Roberts | I.D. # 4773 |
|---|---|---|

**15.**               **18250 P.C. WEAPONS/FIREARMS SEIZURE**

Weapons and/or firearms seized and taken into temporary custody, pursuant to 18250 P.C. shall be held by seizing agency. Individuals seeking the return of the firearms must complete and submit a Law Enforcement Gun Release Application to the Department of Justice except when forfeiture proceedings are initiated by the seizing agency in accordance with 18275 P.C. Such application may be obtained from any Law Enforcement agency. For further information, contact the Property Room Clerk of the _____ Station at the phone number _____ during normal business hours. You will be notified within ten (10) business days if forfeiture proceedings are initiated. Weapons and/or firearms not claimed within twelve (12) months of the date of seizure shall be deemed a nuisance and disposed of in accordance with 18005(c) P.C.

**16.**               **AFFIDAVIT OF FINDER OF PROPERTY**

**I declare that on: (date) _____ at (time) _____ I found or saved the above described property and the owner is not known to me. I have not secreted, withheld, or disposed of any part of said property; and I have saved the property from**

**in the following manner** _____

**I declare under PENALTY OF PERJURY that the foregoing is true.**

**Signed:** _____     **Date:** _____

**Witness:** _____     **Date:** _____

If you wish to claim the above described property, contact this department after ninety (90) days. If the owner is not located and you have not contacted this department within one hundred twenty (120) days, the property will be disposed of.

Riverside County Sheriff-Form 409 (Revised 11-15-2016)

# RIVERSIDE COUNTY SHERIFF'S DEPARTMENT
## PROPERTY REPORT

| 1. Date 2-18-21 | 2. Time 1300 | 3. Offense 245 PC | 4. File Number TF210418033 |
|---|---|---|---|

| 5. ☐ Receipt ☐ Release | 6. ☐ Evidence ☐ Found Property ☐ Safe Keeping |
|---|---|

**7. Name** JAMES STONE

**8. Residence Address** 36770 Raspail Rd Tem                 Phone

**9. Business Address**                 Phone

| 10. Item | 11. Quantity | 12. Description | |
|---|---|---|---|
| 10 | 01 | 9mm Luger cases Hornady | 0519HPS |
| 11 | 01 | 9mm Luger cases Hornady | 0519HPS |
| 12 | 01 | Firearm Glock 19 unloaded     SN CAYB947 | 0520HPS |
| 13 | 01 | live round 9mm Luger Hornady | 0521HPS |
| 14 | 01 | Magazine w/ one live round (live round inside ) Glock | 0522HPS |
| 14A | 01 | live 9mm Luger Hornady round from magazine | 0522HPS |
| | | | |
| | | LAST ITEM | |
| | | | |

| 13. Signature of Owner/Agent: | 14. Received or Released by: Release  4973     I.D. # |
|---|---|

**15.**                 **18250 P.C. WEAPONS/FIREARMS SEIZURE**

Weapons and/or firearms seized and taken into temporary custody, pursuant to 18250 P.C. shall be held by seizing agency.  Individuals seeking the return of the firearms must complete and submit a Law Enforcement Gun Release Application to the Department of Justice except when forfeiture proceedings are initiated by the seizing agency in accordance with 18275 P.C.  Such application may be obtained from any Law Enforcement agency. For further information, contact the Property Room Clerk of the _____ Station at the phone number _____ during normal business hours.  You will be notified within ten (10) business days if forfeiture proceedings are initiated.  Weapons and/or firearms not claimed within twelve (12) months of the date of seizure shall be deemed a nuisance and disposed of in accordance with 18005(c) P.C.

**16.**                 **AFFIDAVIT OF FINDER OF PROPERTY**
**I declare that on: (date) _____ at (time) _____ I found or saved the above described property and the owner is not known to me. I have not secreted, withheld, or disposed of any part of said property; and I have saved the property from**

**_____**
**in the following manner _____**
**I declare under PENALTY OF PERJURY that the foregoing is true.**
**Signed: _____     Date: _____**
**Witness: _____     Date: _____**

If you wish to claim the above described property, contact this department after ninety (90) days.  If the owner is not located and you have not contacted this department within one hundred twenty (120) days, the property will be disposed of.

Riverside County Sheriff-Form 409 (Revised 11-15-2016)

08/29/2025          Superior Court of California, County of Riverside          PAGE: 1
                          www.riverside.courts.ca.gov

SWF2400747: People vs AARON KALEI KENOLIO
Felony
Southwest Justice Center - Department S204
Status: Probation

PARTIES

| PEOPLE OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE | **Represented By:** Jess Fife Walsh |
| --- | --- |
| vs | |
| AARON KALEI KENOLIO | **Represented By:** DPD KATHLEEN PEDRO<br>Aaron B. Kurtzer |

CASE INFORMATION

| Custody Status | Case Status | Ordered Bail | Blood Alcohol Level |
| --- | --- | --- | --- |
| Probation | Probation | $25,000.00 | |

| Arrest Number | Arresting Agency | Arrest Date | Filing Date |
| --- | --- | --- | --- |
| TE240480137 | Riverside County Sheriff's Department - Temecula | 02/17/2024 | 04/24/2024 |

| Continuances | 1 | Age in Days | 282 | Last Day for Trial | Feb 27 2025 |
| --- | --- | --- | --- | --- | --- |

**60-Day Waiver**     Defendant waived 60 day rule for Preliminary Hearing on 11/20/2024

CHARGES

| Count | Type | Charge | Description | Severity | Plea | Status |
| --- | --- | --- | --- | --- | --- | --- |
| | Arrest | PC 245(A)(4) | Assault on a Person Causing GBI | Felony | | |
| 001 | | PC 245(A)(4) | Assault on a Person Causing GBI | Reduced to Misdemeanor 17(b) | Guilty | Convicted |

CRIMINAL PROTECTIVE ORDER

| Date | Type | Contact Type | Status | Expiration/Termination |
| --- | --- | --- | --- | --- |
| 02/21/2025 | CPO pursuant to PC 136.2 | no negative contact | Issued | |

FINE INFORMATION

| Fine Amount | Amount Paid | Amount Due | Date to Pay |
|---|---|---|---|
| $500.00 | $500.00 | $0.00 | |

REGISTER OF ACTIONS

| Date | Action |
|---|---|
| 07/29/2025 | Progress Report – Domestic Violence Program |
| 05/21/2025 | Progress Report – Domestic Violence Program |
| 03/25/2025 | Payment: $500.00, Receipt: 20250325-01798 |
| 02/24/2025 | FTP warning notice mailed per 1214.1(A) PC |
| 02/24/2025 | FTP Warrant BCA type automatically requested. |

Case 5:25-cv-02375-VBF-RAO   Document 1   Filed 09/10/25   Page 64 of 72   Page ID
#:64
08/29/2025          Superior Court of California, County of Riverside          PAGE: 3
                         www.riverside.courts.ca.gov

02/21/2025     Sentencing at 8:30 AM in Department S204
               Honorable Judith C. Clark, Judge
               N. Baltazar, Courtroom Assistant
               Rachelle Pilato CSR# 13087, Court Reporter
               APPEARANCES:
               Defendant is present.
               At 11:24 AM the following proceedings were heard:
               All parties announce ready for Sentencing.
               Defendant waives arraignment for pronouncement of judgment.
               No legal cause why sentence should not now be pronounced.
               Defendant requests immediate sentence.
               Proceedings are suspended.
               Summary probation is granted under the following terms and conditions
               **All Convicted Count(s)**
               Original date granted: 02/21/2025
               Expiration date: 02/21/2028
               Length: 36 Month(s)

               Obey all laws, ordinances, and court orders.
               Be committed to the custody of the Riverside County Sheriff for 5 days.
               Credit for time served (presentence) of 5 actual days plus 2 days pursuant to PC
               4019 for a total of 7 days.
               Pay fee of $500.00 to the Domestic Violence Fund (PC 1203.097(a)(5)).
               Court orders defendant to pay a restitution fine [PC 1202.4(b)] in the amount of
               $150.00. Execution is stayed.
               Pay victim restitution. Amount to be determined by the Probation Department (PC
               1203.1(a)(3)).
               Defendant is ordered to report and cooperate with Enhanced Collection Division
               immediately or within two business days of release from custody.
               Submit to immediate search of person/property including all residence, premises,
               storage units, containers and vehicles under your control by, Probation officer
               or law enforcement officer, with or without cause.
               Enroll in a Probation approved 52-week Domestic Violence Program pursuant to PC
               1203.097. Provide proof of enrollment to the Court/Probation Officer on or before
               05/18/25 and complete the program by 06/18/26. Pay all program fees and submit
               proof of payment and completion as directed by Probation.
               Provide a DNA sample as directed by Probation or law enforcement personnel (PC
               296(a)). Authorized agency to forward specimens to DOJ for analysis. Defendant to
               show proof of compliance to clerk of the court within 30 days.
               Do not relocate from the State of California (i.e. remain in another state for
               more than 45 consecutive days in any 12-month period) without first contacting
               the Probation Department to determine whether you are subject to the Interstate
               Compact Act. (ICAOS/PC §11180).
               Do not annoy, harass, threaten, or disturb the peace of Tayjelyne K..
               If expelled or deported, do not re-enter the United States illegally.
               Term: Perform 20 hours of community services through a non-profit organization.
               Court waives the $40 court operations assessment fee [PC 1465.8] and the $30
               conviction assessment fee [GC 70373] for each convicted count.
               Oral motion by Defense regarding Duenas Findings is called for hearing.
               Motion granted.
               Criminal Protective Order is terminated forthwith.
               Criminal Protective Order - Other than Domestic Violence - CPO pursuant to PC
               136.2 issued. This order remains in effect until further court order. Comment: no
               negative contact.
               Defendant has been served with the Criminal Protective Order.
               Defendant was personally present at the court hearing and no additional proof of
               service of the restraining order is required.
               Firearms prohibiting notification forms provided to defendant [BOF110].
               Defendant accepts terms and conditions of probation.
               - - Custody Status/Information - -
               Defendant released on probation.

Superior Court of California, County of Riverside                    PAGE: 4
www.riverside.courts.ca.gov

| | |
|---|---|
| 02/21/2025 | Minute Order: Sentencing |
| 02/21/2025 | Sentencing Memorandum |
| 02/21/2025 | Criminal Protective Order - Other than Domestic Violence (CR-161) |
| 02/21/2025 | Notice of Termination of Protective Order (CR-165) |
| 02/18/2025 | Proof of Enrollment - Domestic Violence Batterers Program |
| 01/31/2025 | Count 001 Assault on a Person Causing GBI [245(A)(4)] disposition updated to Conviction: Guilty Plea |
| 01/31/2025 | Count 001 Assault on a Person Causing GBI [245(A)(4)] plea updated to Guilty |

08/29/2025        Superior Court of California, County of Riverside              PAGE: 5
                           www.riverside.courts.ca.gov

01/31/2025    Felony Settlement Conference at 8:30 AM in Department S204
              Honorable Judith C. Clark, Judge
              M. Hobdy, Courtroom Assistant
              Rachelle Pilato CSR# 13087, Court Reporter
              APPEARANCES:
              People represented by Deputy District Attorney, Jess Fife Walsh.
              Defendant is represented by Aaron B. Kurtzer.
              Defendant is present.
              TOREY NASIF relieved.
              At 02:26 PM the following proceedings were heard:
              Oral motion by People regarding reduce count 1 pursuant to PC 17B is called for
              hearing.
              Motion granted.
              Count 001 reduced from a felony to PC 245(A)(4) - Assault on a Person Causing
              GBI, a misdemeanor pursuant to Penal Code section 17(b).
              Defendant withdraws plea of not guilty as to count(s) 001 and is re-arraigned.
              Misdemeanor Plea Form is incorporated herein and includes the following
              advisements and waivers:
              Defendant advised of constitutional rights.
              Defendant advised of right to a speedy and public trial by judge or jury.
              Defendant advised of right to confront and cross examine witnesses and right to
              present evidence on his/her own behalf.
              Defendant advised of privilege against self-incrimination.
              Defendant advised of charges and consequences of his/her plea and statutory
              sentencing.
              Defendant advised of right to counsel, continuance to consult counsel, and
              assignment of counsel if unable to employ private counsel.
              Defendant advised of right to speedy trial, dismissal if no trial is held within
              30/45 days after arraignment and effect of consent to waive time.
              Defendant advised if not a citizen conviction will result in deportation,
              exclusion from admission to this country or denial of naturalization.
              Defendant waives constitutional rights.
              Defendant waives right to trial by jury.
              Defendant waives right to confront and cross examine witnesses.
              Defendant waives privilege against self-incrimination.
              Defendant pleads guilty to count(s) 001.
              Defense counsel concurs in defendant's plea and/or admissions.
              Court finds based on inquiry and examination of defendant, that defendant has the
              ability to understand and does understand his/her constitutional rights.
              Court finds defendant's admission of guilt and/or admission of prior
              conviction(s) and/or probation violation(s) if any, is the result and product of
              the result of defendant expressly, knowingly, understandingly, and intelligently
              waives their constitutional rights including, but not limited to: right to
              counsel, privilege against self-incrimination, to trial by jury, and to confront
              accusers, and voluntarily made with an understanding of the nature and
              consequences thereof. Defendant's waiver of constitutional rights taken orally
              and/or in writing.
              Court finds plea is free and voluntary. Court finds defendant knows and
              understands their constitutional rights, nature of charges and consequences of
              plea.
              Court accepts plea.
              Sentencing is set on 02/21/2025 at 08:30 AM in Department S204.
              Specification of plea: Summary Probation for 3 years and Credit for Time Severed.
              Arbuckle Waiver taken.
              - COURT INSTRUCTS DEFENDANT REGARDING FIREARMS -
              The court instructs the defendant that he or she is prohibited from owning,
              purchasing, receiving, possessing, or having under his or her custody or control
              any firearms, ammunition, and ammunition feeding devices, including, but not
              limited to magazines.
              Prohibited Persons Relinquishment forms were provided to defendant. [BOF1022,
              BOF1023, and BOF1024]

08/29/2025        Superior Court of California, County of Riverside              PAGE: 6
                        www.riverside.courts.ca.gov

              - PROHIBITED PERSONS RELINQUISHMENT FORM FINDINGS- COURT FINDS:
              Defendant has completed a Prohibited Person Relinquishment Form.
              Defendant has no reportable firearms per the probation officer's report.
              Defendant is ordered to enroll in DUI classes through Probation by 02/21/2025
              (Direct Referral).
              Defendant is ordered to appear on 02/21/2025 in Dept S201 as a witness in case
              SWF2400710.
              Defendant ordered to return on any and all future hearing dates.
              - - Custody Status/Information - -
              Defendant remains released on supervised O.R., Pretrial Services notified of
              supervised O.R. release.

01/31/2025     Minute Order: Felony Settlement Conference

01/31/2025     Probation Officer's Firearm Relinquishment Report pursuant to PC 29810

01/31/2025     Prohibited Persons Relinquishment Form Findings

01/31/2025     Misdemeanor Plea Form

11/20/2024     Agreement for Supervised Own Recognizance Release filed.

11/20/2024     Request for Continuance Pursuant to PC 1050 filed.

11/20/2024     Criminal Protective Order - Domestic Violence filed. Order expires 12/31/2099.
               (CR-160/RI-CR001)

11/20/2024     Protective Order: Law Enforcement Body Worn Camera Evidence filed.

Case 5:25-cv-02375-VBF-RAO    Document 1    Filed 09/10/25    Page 68 of 72    Page ID
08/29/2025                                    #:68
                    Superior Court of California, County of Riverside                    PAGE: 7
                              www.riverside.courts.ca.gov

11/20/2024    Felony Incustody Arraignment at 1:30 PM in Department S204I
              Judicial Officer: None
              Courtroom Assistant: None
              Court Reporter: None
              APPEARANCES:
              No Appearances
              Honorable Judge Jeffrey M. Zimel, Presiding
              Courtroom Assistant: K. Clark
              Court Reporter: T. Bundrant
              People represented by Deputy District Attorney: Torey Nasif.
              Public Defender Appointed.
              Defendant represented by DPD Kathleen Pedro.
              Defendant Present.
              Discovery provided to defense counsel.
              Court and Counsel Confer regarding: Sidebar (off the record)
              At 15:03 the following proceedings were held:
              Oral motion by Defense Re Supervised O.R. Release is called for hearing
              Argument by Defense and People.
              Motion/Petition granted.
              Defense counsel acknowledges receipt of discovery.
              Pursuant to 989 PC defendant does not declare true name.
              Defendant's counsel waives formal arraignment.
              Counsel for defendant waives formal reading of complaint and stipulates defendant
              has been advised of his/her legal & constitutional rights.
              Defendant Advised of Constitutional Rights.
              Defendant advised of right to a speedy and public trial by judge or jury.
              Defendant advised of right to confront and cross examine witnesses; right to
              present evidence on own behalf.
              Defendant advised of charges and consequences of his/her plea and statutory
              sentencing.
              Defendant advised of privilege against self-incrimination.
              Pleads Not Guilty to all charges.
              Felony Settlement Conference set on 01/31/2025 at 8:30 in Dept. S204
              Defendant waives time for Preliminary Hearing to 01/31/2025 plus 10 court days.
              Defendant waives 60 day rule for Preliminary Hearing on 11/20/2024
              Defendant waives 10 day rule.
              Oral motion by People Re Criminal Protective Order is called for hearing
              Motion/Petition granted.
              Criminal Protective Order-Domestic Violence -CPO 136.2 PC issued. Expires
              12/31/2099. Comment: No Neg Contact.
              Protected person(s): Jane Doe (TK)
              Defendant has been served with the Criminal Protection Order.
              Defendant was personally present at the court hearing and no additional proof of
              service of the restraining order is required.
              Defendant ordered to return on any and all future hearing dates.
              - - Custody Status/Information - -
              Released on Supervised O.R. pursuant to the Agreement for Supervised Own
              Recognizance Release.
              Pretrial Services notified of Supervised OR Release. [Riverside]
              Minute Order printed to Cois M. Byrd Detention Center.
              MINUTE ORDER OF COURT PROCEEDING


11/20/2024    Legacy Minute Order: Felony Incustody Arraignment


11/20/2024    Warrant was recalled successfully


11/20/2024    Warrant Recall Requested.

08/29/2025
Case 5:25-cv-02375-VBF-RAO    Document 1    Filed 09/10/25    Page 69 of 72    Page ID
#:69
Superior Court of California, County of Riverside                    PAGE: 8
www.riverside.courts.ca.gov

11/20/2024    Bench Warrant Recalled; Reason: Incustody.

05/02/2024    Arrest Warrant Tracked to Judge Jeffrey M. Zimel

05/01/2024    Electronic warrant sent at 08:23

04/30/2024    Hearing set 05/02/2024 at  8:30 for AWT is Vacated.

04/30/2024    Declaration in Support of Arrest Warrant filed; Judge Jeffrey M. Zimel

04/24/2024    Case Designation: Vertical. Case assigned to Dept. S204

04/24/2024    Electronic - Complaint Filed.

04/24/2024    Electronic - Declaration in Support of Arrest Warrant Received.

04/24/2024    EFILE DA INTERFACE ENTRY

08/29/2025
Case 5:25-cv-02375-VBF-RAO    Document 1    Filed 09/10/25    Page 70 of 72    Page ID
Superior Court of California, County of Riverside    #:70    PAGE: 9
www.riverside.courts.ca.gov

PROBATION/MANDATORY SUPERVISION

| Type | Date Granted | Expiration Date | Status | Status Date |
|------|-------------|-----------------|--------|-------------|
| Probation: Summary | 02/21/2025 | 02/21/2028 | Granted | 02/21/2025 |

The following terms and conditions are in effect:

01) Obey all laws, ordinances, and court orders.

02) Be committed to the custody of the Riverside County Sheriff for 5 days.

03) Pay fee of $500.00 to the Domestic Violence Fund (PC 1203.097(a)(5)).

04) Pay victim restitution. Amount to be determined by the Probation Department (PC 1203.1(a)(3)).

05) Submit to immediate search of person/property including all residence, premises, stor units, containers and vehicles under your control by, Probation officer or law enforcemen officer, with or without cause.

06) Enroll in a Probation approved 52-week Domestic Violence Program pursuant to PC 1203. Provide proof of enrollment to the Court/Probation Officer on or before 05/18/25 and comp the program by 06/18/26. Pay all program fees and submit proof of payment and completion directed by Probation.

07) Provide a DNA sample as directed by Probation or law enforcement personnel (PC 296(a) Authorized agency to forward specimens to DOJ for analysis. Defendant to show proof of compliance to clerk of the court within 30 days.

08) Do not relocate from the State of California (i.e. remain in another state for more t 45 consecutive days in any 12-month period) without first contacting the Probation Depart to determine whether you are subject to the Interstate Compact Act. (ICAOS/PC §11180).

09) Do not annoy, harass, threaten, or disturb the peace of Tayjelyne K..

10) If expelled or deported, do not re-enter the United States illegally.

11) Term: Perform 20 hours of community services through a non-profit organization.

**Mark Kuntze**

Wednesday, August 27, 2025 at 21:28:32 Pacific Daylight Time

**Subject:** People v. Seme - SWF2400710

**Date:** 2025 M08 27, Wed 17:22:35 GMT-07:00

**From:** Kuznetsov, Alex <AlexKuznetsov@RivCoDA.org>

**To:** Attorney Huff <HUFF@hufflegal.com>

**CC:** Mark Kuntze <mark@kuntze.us>, Bianca Piedra-Rojas <bianca@hufflegal.com>

Counsel:

Please be advised of the following information regarding some of the law enforcement
personnel in this case:

1. Former Riverside County Sheriff Deputy Omar Quezada, badge #E6310, is currently
   employed with the Montclair Police Department. On April 1, 2025, the San Bernardino
   County District Attorney's Office filed a felony violation of Penal Code section 487(a),
   fraud, against Omar Quezada in San Bernardino Superior Court case #FWV25000936.
   You may file any motion you deem necessary.
2. Deputy Jeffrey Hurd, badge #2618, was involved in an incident while on duty on July 21,
   2025, that is being investigated by the Force Investigation Detail as a matter of policy
   and protocol.

Thank you.

**Alexander Kuznetsov**
Deputy District Attorney

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
Hearing on Motion re: Final Expanded Motion to Dismiss

09/09/2025
8:30 AM
Department S201

**SWF2400710**
**People vs JAMES SEME**

Honorable John D. Molloy, Judge
C. Galasso, Courtroom Assistant
Brittany Hall CSR #14158, Court Reporter — BRittany.Hall@riverside.courts.ca.gov

**APPEARANCES:**

Deputy District Attorney Alexander Kuznetsov present in court.
Defendant is present in Pro Per.

At 09:13 AM the following proceedings were heard:
Court has read and considered any moving and responsive documentation.
The defendant addresses the court.
Argument presented by defense.
The court takes judicial notice as it related to defense exhibits A and C.
The court's rulings on remaining exhibits as stated on the record.
The Affidavit of Aynslene Kenolio is excluded; all exhibits are retained as court's exhibits.
Court's exhibits A through G are identified and retained by the court for safekeeping and any appellate review.
DDA Kuznetsov addresses the court.
Argument presented by people.
The court's findings as stated on the record.
Motion denied.
Trial Readiness Conference set on 10/10/25 at 08:30 AM in Department S201 is confirmed.
Defendant ordered to return on any and all future hearing dates.
- - Custody Status/Information - -
Bail bond 5106279638 is continued.